**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER DENYING DEFENDANT'S MOTION TO DISMISS** |
| | ) | |
| vs. | ) | |
| | ) | |
| Louis Hepi Crow Feather, | ) | Case No. 1:08-cr-053 |
| | ) | |
| Defendant. | ) | |

___

Before the Court is the Defendant's "Motion to Dismiss" filed on September 29, 2008. See Docket No. 13. The Government filed a response in opposition to the motion on October 1, 2008. See Docket No. 14. The Defendant's motion is denied for the reasons set forth below.

The defendant, Louis Hepi Crow Feather, was indicted in federal court for possession of marijuana with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). See Docket No. 1. The indictment alleges that on or about December 30, 2007, Crow Feather knowingly and intentionally possessed with intent to distribute approximately 640 grams of marijuana, a Schedule II controlled substance.

Crow Feather contends that the Court should dismiss this action because possession of marijuana with intent to distribute is an offense that is expressly prohibited by 18 U.S.C. § 1152 and is not an offense set forth in 18 U.S.C. § 1153. 18 U.S.C. § 1152 provides:

> Except as otherwise expressly provided by law, the general laws of the United States as to the punishment of offenses committed in any place within the sole and exclusive jurisdiction of the United States, except the District of Columbia, shall extend to the Indian country.
> This section shall not extend to offenses committed by one Indian against the person or property of another Indian, nor to any Indian committing any offense in the Indian country who has been punished by the local law of the tribe, or to any case

>   where, by treaty stipulations, the exclusive jurisdiction over such offenses is or may
>   be secured to the Indian tribes respectively.

18 U.S.C. § 1153 provides that federal courts shall have exclusive jurisdiction over numerous major crimes when they are committed by an Indian against the person or property of another Indian. The offense with which Crow Feather is charged is not among the specified crimes in 18 U.S.C. § 1153.

Crow Feather contends that, pursuant to 18 U.S.C. § 1152, he cannot be prosecuted in federal court for possession of marijuana with intent to distribute because he already has been prosecuted and punished for the same crime by the Standing Rock Sioux Tribal Court. In support of this contention, Crow Feather cites a criminal judgment from the Standing Rock Sioux Tribal Court which indicates that he pled guilty to criminal possession of a drug with intent to deliver or sell in violation of § 801D of the Standing Rock Sioux Tribe Code of Justice. See Docket No. 13-2. Crow Feather was sentenced by the tribal court to 180 days of imprisonment. Crow Feather contends that he is being wrongly prosecuted in federal court for an offense, possession of marijuana with intent to distribute, that is not set forth in 18 U.S.C. § 1153.

"[F]ederal laws of general application- those in which the situs of the crime is not an element- apply in Indian country, even to offenses committed by an Indian against the person or property of another Indian." United States v. Yankton, 168 F.3d 1096, 1097-98 (8th Cir. 1999). "18 U.S.C. § 1152 and its exceptions do not extend or restrict the application of general federal criminal statutes to Indian reservations. The statute applies only to federal enclave laws and does not encompass federal laws that make actions criminal wherever committed." United States v. Blue, 722 F.2d 383, 384 (8th Cir. 1983). Crow Feather was indicted in federal court pursuant to 21 U.S.C. § 841(a)(1), a criminal law of general applicability that makes it illegal to possess marijuana with intent to distribute regardless of where it is committed. Thus, the Court finds that it is clear and

undisputed that 18 U.S.C. § 1152 does not restrict prosecution in federal court for a violation of 21 U.S.C. § 841(a)(1).

Crow Feather's contention that he is being prosecuted for a crime that is not set forth in 18 U.S.C. § 1153 is equally without merit. Crow Feather was indicted for a violation of 21 U.S.C. § 841(a)(1), not for a violation of 18 U.S.C. § 1153. A violation of 21 U.S.C. § 841(a)(1) is one of general application that applies in Indian country even though it is not an offense set forth in 18 U.S.C. § 1153. It is clear that an Indian need not be charged with one of the crimes set forth in 18 U.S.C. § 1153 to be prosecuted in federal court. Therefore, the Court finds that Crow Feather can be prosecuted for possessing marijuana with intent to distribute even though it is not a crime set forth in 18 U.S.C. § 1153.

Because 18 U.S.C. § 1152 does not restrict prosecution for a violation of 21 U.S.C. § 841(a)(1), and because Crow Feather need not commit a crime set forth in 18 U.S.C. §1153 to be prosecuted in federal court, Crow Feather's motion to dismiss (Docket No. 13) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 3rd day of October, 2008.

> */s/ Daniel L. Hovland*
> Daniel L. Hovland, Chief Judge
> United States District Court